UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| THEOPHILUS LC BRYANT, FANTA BAMBA, and YEI GBALAZEH, | Civil No. 24-3687 (JRT/ECW) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| STEVEN G. RICE, *Field Office Director, Minneapolis District of the U.S. Citizenship and Immigration Services* and U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), | |
| Defendants. | |

---

Cameron Lan Youngs Giebink, David L. Wilson, Gabriela Sophia Anderson, and Katherine Lourdes Santamaria Mendez, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Minneapolis, MN 55406, for Plaintiffs.

Bradley Michael Brinkman, **DEPARTMENT OF JUSTICE**, P.O. Box 868, Ben Franklin Station, Washington, DC 20044; Trevor Brown, **DEPARTMENT OF JUSTICE**, 300 South Fourth Street, Minneapolis, MN 55415, for Defendants.

Plaintiffs Theophilus LC Bryant, Fanta Bamba, and Yei Gbalazeh are Liberian nationals who sought adjustment of status under the Liberian Refugee Immigration Fairness Act ("LRIF"). Each Plaintiff was denied because they were deemed inadmissible for previous fraudulent conduct before United States Citizenship and Immigration Services ("USCIS"). Contrary to USCIS's guidance, Plaintiffs sought waiver under the refugee adjustment waiver standard. Because USCIS applied the appropriate waiver

standard, the Court will grant Defendants' motion to dismiss and dismiss this action with prejudice.

## BACKGROUND

### I. FACTS

Plaintiffs are Liberian Nationals who applied for adjustment of status under the LRIF. (Compl. ¶¶ 13, 15, 17, 22, 32, 39, Sept. 17, 2024, Docket No. 1.)  USCIS deemed each Plaintiff inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for fraud or willful misrepresentation in seeking immigration benefits.  (*Id.* ¶¶ 24, 35, 45.)  USCIS informed Plaintiffs that they could apply for a waiver of inadmissibility under 8 U.S.C. § 1182(i).  (*Id.* ¶¶ 25, 35, 45.).  Plaintiffs instead sought waivers under 8 U.S.C. § 1159, which provides for adjustment of status for refugees.  (*Id.* ¶¶ 27, 37, 26.)   USCIS denied Plaintiffs' applications for adjustment of status.  (*Id.* ¶¶ 28, 38, 47.)

### II. PROCEDURAL HISTORY

Plaintiffs brought this action against USCIS and USCIS Minneapolis-St. Paul Field Office Director Steven G. Rice, alleging that USCIS's application of the waiver provision in § 1182(i) was contrary to law and violated the Administrative Procedure Act.  (*Id.* ¶¶ 66–81.)  Plaintiffs seek declaratory relief establishing that the more permissive waiver standard in § 1159(c) should apply to LRIF applicants. (*Id.* ¶¶ 48–65.)  Defendants moved to dismiss arguing that USCIS applied the correct waiver provision.  (Mot. to Dismiss, Jan. 6, 2025, Docket No. 11.)  Plaintiffs concede that resolution of the waiver standard issue is dispositive.  (Mem. Opp'n Defs.' Mot. to Dismiss at 7, Jan. 18, 2025, Docket No. 16.)

**III.   STATUTORY FRAMEWORK**

The LRIF allows certain Liberian nationals to apply for adjustment of status if they have been continuously present in the United States since November 20, 2014, and are otherwise admissible.  National Defense Authorization Act for Fiscal Year 2020, Pub. L. No. 116-92, 133 Stat. 1198.  Congress enacted the LRIF to "provide legal status and a pathway to citizenship" for Liberians who had fled civil unrest and instability.  165 Cong. Rec. S1277 (2019) (statement of Sen. Reed).

Eligibility under the LRIF requires admissibility under 8 U.S.C. § 1182, but the LRIF is silent on waiver of inadmissibility grounds.

Section 1182(a)(6)(C)(i) renders inadmissible any individual who seeks to obtain a visa or admission to the United States through fraud or willful misrepresentation.  8 U.S.C. § 1182(a)(6)(C)(i).  That ground may be waived under § 1182(i), but only if the applicant demonstrates that denial of admission would "result in extreme hardship to the citizen or lawfully resident spouse or parent . . . ."  *Id.* § 1182(i).  Accordingly, § 1182(i) requires a qualifying relative that would suffer extreme hardship.  *Id.*

By contrast, 8 U.S.C. § 1159, which governs refugee adjustment of status, permits a broader inadmissibility waiver "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest."  8 U.S.C. § 1159(c).  Section 1159(c) limits its application to individuals "seeking adjustment of status under this section."  *Id.*

**DISCUSSION**

I.    **STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include "more than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II.    **ANALYSIS**

The LRIF allows for the adjustment of status of certain Liberian nationals that are otherwise admissible. The LRIF, however, does not contain or reference any waiver provision for inadmissibility grounds. The Plaintiffs were deemed inadmissible under 8

U.S.C. § 1182(6)(C)(i) and now dispute which waiver provision should apply to that ground for inadmissibility. USCIS contends it applied the correct waiver standard found in 8 U.S.C. § 1182(i), but Plaintiffs argue that USCIS should have applied the waiver standard articulated in 8 U.S.C. § 1159(c).

"[A]s with any question of statutory interpretation, the court begins its analysis with the plain language of the statute." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu Inc.*, 651 F.3d 857, 862 (8th Cir. 2011). When the statutory text does not provide a clear answer, courts may look to the structure, purpose, and broader context to discern congressional intent. *See Bowsher v. Merck & Co.*, 460 U.S. 824, 831 n.7 (1983).

Here, the LRIF is silent on which waiver provision applies. The Court therefore looks to the statutory structure and legislative history for further guidance.

### A. Statutory Structure

The LRIF's statutory structure supports the conclusion that § 1182(i)'s waiver applies.

The LRIF neither incorporates nor cross-references § 1159 and § 1159(c) authorizes waivers only for individuals applying for status adjustment "under this section." *Id.* But Plaintiffs argue the structural similarities between the LRIF and § 1159 demonstrate a Congressional intent to borrow § 1159's waiver provision.

It is true that the LRIF and § 1159 share structural and substantive similarities, but those similarities are insufficient to apply the § 1159(c) waiver standard to the LRIF. Both exempt certain inadmissibility grounds, impose similar eligibility restrictions, and

retroactively date lawful status to an earlier presence in the United States. But Congress has demonstrated its ability to incorporate the § 1159(c) standard into other adjustment statutes when it chooses to do so. *See, e.g.*, Adjustment of Status for Certain Polish and Hungarian Parolees, Pub. L. 104-208, 110 Stat. 3009-709 (1996) (explicitly incorporating the § 1159(c) waiver language). The omission of the § 1159(c) waiver standard in the LRIF suggests a deliberate choice not to adopt that standard.

Section 1159(c) also has not been applied outside the refugee adjustment context. Plaintiffs cite *Cernuda v. Neufeld* for the proposition that § 1159(c) *could* apply under the Cuban Adjustment Act ("CAA"). *See* No. 05-22728, 2007 WL 9701087, at *5 (S.D. Fla Nov. 21, 2007) (stating that although § 1159(c) did not apply to the plaintiff in that case, it would apply to others applying for relief under the CAA). But other courts have disagreed. *See Bueno-Fernandez v. Mukasey*, 273 F. App'x 687, 687 (9th Cir. 2008) (stating that § 1159(c) does not apply to an individual applying for adjustment of status under the CAA).

Other courts have signaled that § 1182 waivers serve as the default where Congress does not expressly provide otherwise. At least two courts have sustained USCIS's application of § 1182 waivers under analogous country-specific statutes. *See Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1279 & n.2, 1281 n.6 (11th Cir. 2007) (discussing the applicability of § 1182 waivers to inadmissibility under the Nicaraguan Adjustment and Central American Relief Act); *Alexis v. U.S. Att'y Gen.*, 431 F.3d 1291, 1294–95 & n.2

(11th Cir. 2005) (upholding application of § 1182(i) to the Haitian Refugee Immigration Fairness Act and noting plaintiff's preference for the "more lenient" § 1159(c) waiver, implying that standard was inapplicable).

While these cases do not directly resolve whether § 1159(c) may be applied under a country-specific adjustment statute, their commentary is instructive. Taken together, they suggest that where a country-specific adjustment act lacks an express waiver provision, § 1182 functions as the default.

Accordingly, the Court finds no statutory basis to apply § 1159(c) to LRIF applicants. In the absence of an express waiver provision, USCIS correctly applied the § 1182(i) waiver standard.

B.   **Legislative History**

The legislative history does not alter the Court's conclusion. Without question the LRIF was enacted to provide permanent relief to Liberians who had long resided in the United States under temporary protections or Deferred Enforced Departure ("DED") which did not impose inadmissibility consequences for fraud.[1]  *See* 164 Cong. Rec. S1754 (2018) (statement of Sen. Klobuchar) ("It would literally be a big jolt to our economy— and not to mention immoral—if they were suddenly deported and lost the legal status

---

[1] Plaintiffs rely heavily on statements that suggest the LRIF was enacted for humanitarian purposes. *See, e.g.*, 165 Cong. Rec. S1277 (2019) (statement of Sen. Reed) ("[I]t is in the national security, foreign policy, and humanitarian interest of the United States for this population to remain here."). But even a statute passed in part for humanitarian purposes could have included an explicit waiver provision should Congress have chosen to do so.

they have had for literally decades."). It is also true that, at least at the time the LRIF was drafted, DED did not specifically impose inadmissibility consequences for fraud.[2]

But the point of the LRIF was not merely to codify DED but to create something new: namely, a pathway to permanent residency and even citizenship to Liberians living in the United States—a pathway DED did not offer. If anything, Congress's failure to specifically codify DED's fraud-based inadmissibility exclusion is evidence of Congressional intent to default to the § 1182(i) waiver.

## CONCLUSION

Plaintiffs seek adjustment of status under the LRIF and contend that USCIS should have applied the more lenient waiver provision in § 1159(c) to excuse their inadmissibility for fraud. But the LRIF contains no reference to § 1159 or its waiver provision. Because Congress has previously incorporated § 1159(c) into other country-specific statutes when it intended that standard to apply, its failure to do so here supports the application of § 1182(i) as the waiver provision. USCIS thus applied the correct waiver standard, and Plaintiffs claims necessarily fail, so the Court will grant Defendants' motion to dismiss and dismiss the action with prejudice.

---

[2] *See* Memorandum on Extension of Deferred Enforced Departure for Liberians, 84 Fed. Reg. 12867 (Apr. 3, 2019) (listing specific exclusions from DED eligibility).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 11] is **GRANTED** and the Complaint [Docket No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 4, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge